UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

MAMADOU SAIDOU BAH and GNALEN BAH,

Plaintiffs,

v.

GREYHOUND LINES, INC., and THE GOODYEAR
TIRE & RUBBER COMPANY,

Defendants.

-------------------------------------------------------------------X

**ANSWER TO
AMENDED COMPLAINT
AND CROSSCLAIMS**

**08 CIV 2440 (PKL)**

**[Related to
06 CIV 13371 (PKL)]**

**JURY TRIAL
DEMANDED**

Defendant, GREYHOUND LINES, INC., by its attorneys, FABIANI COHEN & HALL,

LLP, as and for an Answer to the plaintiffs' Amended Complaint, sets forth, upon information

and belief, the following:

## Parties

FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph No. "1" of the plaintiffs' Amended Complaint.

SECOND:  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. "2" of the plaintiffs' Amended Complaint.

THIRD:  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. "3" of the plaintiffs' Amended Complaint, except

admits that defendant, GREYHOUND LINES, INC., is a corporation organized and existing

under the laws of the State of Delaware, maintains its principal place of business in the State of

Texas, and conducts business in the State of New York and within this District.

FOURTH:  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. "4" of the plaintiffs' Amended Complaint.

383156.1

## Jurisdiction and Venue

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "5" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "6" of the plaintiffs' Amended Complaint, except admits that defendant, GREYHOUND LINES, INC., is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in the State of Texas, and conducts business in the State of New York and within this District.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "7" of the plaintiffs' Amended Complaint, except admits that defendant, GREYHOUND LINES, INC., is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in the State of Texas, and conducts business in the State of New York and within this District.

## Background

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiffs' Amended Complaint, except admits that defendant, GREYHOUND, was and is in the business of utilizing buses, some of which are owned by Greyhound, to transport passengers.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "9" of the plaintiffs' Amended Complaint.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "10" of the plaintiffs' Amended Complaint, except

383156.1

2

admits that defendant, GREYHOUND, was and is in the business of utilizing buses, some of which are owned by Greyhound, to transport passengers.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "11" of the plaintiffs' Amended Complaint, except admits that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess was an employee of Greyhound.

TWELVTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "12" of the plaintiffs' Amended Complaint, except admits that Ronald Burgess operated a bus with defendant Greyhound's permission and consent and within the course and scope of his employment by Greyhound Lines, Inc.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "13" of the plaintiffs' Amended Complaint, except admits that on August 28, 2006, Ronald Burgess operated an MCI bus, model 102DL3 bearing Texas state registration number R7HW58.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "14" of the plaintiffs' Amended Complaint, except admits that on August 28, 2006, Ronald Burgess operated the subject bus on a Greyhound schedule from New York to Canada with the express and implied permission of defendant Greyhound Lines, Inc.

FIFTEENTH: Admits the allegations contained in Paragraph No. "15" of the plaintiffs' Amended Complaint.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "16" of the plaintiffs' Amended Complaint.

SEVENTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "17" of the plaintiffs' Amended Complaint, except admits that on August 28, 2006 the subject bus driven by Ronald Burgess and on which the plaintiffs were passengers, was traveling on Interstate I-87, in or near Elizabethtown, New York.

EIGHTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "18" of the plaintiffs' Amended Complaint.

NINETEENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "19" of the plaintiffs' Amended Complaint.

TWENTIETH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "20" of the plaintiffs' Amended Complaint.

TWENTY-FIRST:  Denies each and every allegation contained in Paragraph No. "21" of the plaintiffs' Amended Complaint.

TWENTY-SECOND:  Denies each and every allegation contained in Paragraph No. "22" of the plaintiffs' Amended Complaint.

TWENTY-THIRD:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "23" of the plaintiffs' Amended Complaint, except admits that prior to August 28, 2006, Greyhound Lines, Inc. utilized MCI model 102DL3 buses which did not come equipped with passenger seatbelts, including the subject bus, to transport passengers.

TWENTY-FOURTH:  Denies each and every allegation contained in Paragraph No. "24" of the plaintiffs' Amended Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION
## (NEGLIGENCE AGAINST GREYHOUND)

TWENTY-FIFTH:    In response to Paragraph No. "25" of the plaintiffs' Amended Complaint, the answering defendant repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "TWENTY-FOURTH" hereinabove as though more fully set forth at length herein.

TWENTY–SIXTH:  Denies each and every allegation contained in Paragraph No. "26" of plaintiffs' Amended Complaint.

TWENTY-SEVENTH:  Denies each and every allegation contained in Paragraph No. "27" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

TWENTY-EIGHTH:  Denies each and every allegation contained in Paragraph No. "28" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

TWENTY-NINTH:  Denies each and every allegation contained in Paragraph No. "29" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTIETH:  Denies each and every allegation contained in Paragraph No. "30" of the plaintiffs' Amended Complaint.

THIRTY-FIRST:  Denies each and every allegation contained in Paragraph No. "31" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY–SECOND:  Denies each and every allegation contained in Paragraph No. "32" of plaintiffs' Amended Complaint and respectfully refers all questions of law to the

383156.1

determination of the Trial Court.

## ANSWERING THE SECOND CAUSE OF ACTION
### (NEGLIGENCE AGAINST GOODYEAR)

THIRTY-THIRD:    In response to Paragraph No. "33" of the plaintiffs' Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "THIRTY-SECOND" hereinabove as though more fully set forth at length herein.

THIRTY-FOURTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "34" of the plaintiffs' Amended Complaint.

THIRTY-FIFTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "35" of the plaintiffs' Amended Complaint.

THIRTY-SIXTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "36" of the plaintiffs' Amended Complaint.

THIRTY-SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "37" of the plaintiffs' Amended Complaint.

THIRTY-EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "38" of the plaintiffs' Amended Complaint.

THIRTY-NINTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "39" of the plaintiffs' Amended Complaint.

FORTIETH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "40" of the plaintiffs' Amended Complaint.

383156.1

FORTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "41" of the plaintiffs' Amended Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION
## (BREACH OF WARRANTIES AGAINST GREYHOUND)

FORTY-SECOND: In response to Paragraph No. "42" of the plaintiffs' Amended Complaint, the answering defendant repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTY-FIRST" hereinabove as though more fully set forth at length herein.

FORTY-THIRD: Denies each and every allegation contained in Paragraph No. "43" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FOURTH: Denies each and every allegation contained in Paragraph No. "44" of the plaintiffs' Amended Complaint.

FORTY-FIFTH: Denies each and every allegation contained in Paragraph No. "45" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

## ANSWERING THE FOURTH CAUSE OF ACTION
## (BREACH OF WARRANTIES AGAINST GOODYEAR)

FORTY-SIXTH: In response to Paragraph No. "46" of the plaintiffs' Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTY-FIFTH" hereinabove as though more fully set forth at length herein.

FORTY-SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "47" of the plaintiffs' Amended Complaint.

383156.1

FORTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "48" of the plaintiffs' Amended Complaint.

FORTY-NINTH: Denies each and every allegation contained in Paragraph No. "49" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

## ANSWERING THE FIFTH CAUSE OF ACTION
## (STRICT PRODUCT LIABILITY AGAINST GOODYEAR)

FIFTIETH: In response to Paragraph No. "50" of the plaintiffs' Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTY-NINTH" hereinabove as though more fully set forth at length herein.

FIFTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "51" of the plaintiffs' Amended Complaint.

FIFTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "52" of the plaintiffs' Amended Complaint.

FIFTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "53" of the plaintiffs' Amended Complaint.

FIFTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "54" of the plaintiffs' Amended Complaint.

FIFTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "55" of the plaintiffs' Amended Complaint.

FIFTY-SIXTH: Denies each and every allegation contained in Paragraph No. "56" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

383156.1

## ANSWERING THE SIXTH CAUSE OF ACTION
### (LOSS OF CONSORTIUM)

FIFTY-SEVENTH:   In response to Paragraph No. "57" of the plaintiffs' Amended Complaint, the answering defendant repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FIFTY-SIXTH" hereinabove as though more fully set forth at length herein.

FIFTY-EIGHTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "58" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-NINTH:   Denies each and every allegation contained in Paragraph No. "59" of the plaintiffs' Amended Complaint.

SIXTIETH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "60" of plaintiffs' Amended Complaint and begs leave to refer to all pleadings.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-FIRST:   Upon information and belief, any damages sustained by the plaintiffs herein were not caused by any negligence or carelessness on the part of Greyhound Lines, Inc., its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiffs and that such conduct requires diminution of any award, verdict or judgment that plaintiffs may recover against Greyhound Lines, Inc..

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-SECOND:   Notwithstanding that Greyhound Lines, Inc. has denied liability herein, in the event that liability is found, the liability of Greyhound Lines, Inc. shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to New York Civil

383156.1

9

Practice Law and Rules ("CPLR") §1601 et seq., or any similar applicable law, the liability of Greyhound Lines, Inc. for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTY-THIRD:   That to the extent the plaintiffs recover any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545 or any similar applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTY-FOURTH:   Upon information and belief, the injuries sustained by plaintiffs are such that they do not fall within the requirements of Insurance Law §51-02, et seq. or any similar no-fault threshold law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH:  The Third Cause of Action fails to state a claim upon which relief can be granted as against defendant Greyhound Lines, Inc.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH:  Some of the claims and or theories of liability made by the plaintiffs in this action, including but not necessarily limited to those pertaining to seatbelts and the roof the subject bus, are preempted and prohibited.  To the extent the Cause of Actions in this Amended Complaint are based upon these preempted theories of liability, or any other pre-empted theory of liability, said Cause of Actions fail to state a claim for which relief can be granted.

383156.1

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

SIXTY-SEVENTH:  The law of one or more jurisdictions, states and/or other countries, besides the State of New York, may be applicable to all or portions of the claims or defenses made by some or all of the various parties in this litigation, including but not necessarily limited to the law of the state of citizenship, residence or domicile of the plaintiffs.

**AS AND FOR A FIRST CROSS-CLAIM**
**AGAINST CO-DEFENDANT**
**THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")**

(COMMON LAW INDEMNIFICATION)

SIXTY-EIGHTH:  Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation set forth above in paragraphs "FIRST" through "SIXTY-SEVENTH" as though fully set forth at length herein.

SIXTY-NINTH:  Before August 28, 2006 Greyhound Lines, Inc. and GOODYEAR TIRE & RUBBER COMPANY (hereinafter referred to as "GOODYEAR") entered into an Agreement dated October 3, 2000 (hereinafter referred to as "the Agreement").  Greyhound Lines, Inc. begs leave to refer to the Agreement for its complete terms and conditions.

SEVENTIETH:  Paragraph 2 of the Agreement, entitled "Lease of Tires," provides in part that "Goodyear will furnish Greyhound tires for use on the entire fleet of buses operated by Greyhound..." and that "Goodyear commits to produce a new tire that will meet Greyhound's fleet requirements..."

SEVENTY-FIRST:  Paragraph 6 of the Agreement, entitled "Title to Tires and Liens on Buses", provides in part that "[t]itle to all tires furnished hereunder shall remain at all times in Goodyear..."

SEVENTY-SECOND:  Paragraph 11 of the Agreement, entitled "Service", provides in part: "(a) Goodyear warrants and promises that all tires provided to Greyhound will be of

383156.1

11

sufficient grade, quality, and standard to permit reasonable and safe use and operation on Greyhound's buses."

SEVENTY-THIRD:    Paragraph 11 (c) of the Agreement provides in part that "tire service to be performed by Goodyear will be performed in accordance with Exhibit "C" attached" to the Agreement.

SEVENTY-FOURTH:    The Agreement contains of various Exhibits, including Exhibit "C".  Exhibit "C" is entitled Procedure Guideline No.:  PB K-91 (hereinafter referred to as "the K-91").  (The Agreement, including all Exhibits of the Agreement, are hereinafter collectively referred to as "the Agreement".)

SEVENTY-FIFTH:  Paragraph 12 of the Agreement, entitled "Training", provides in part that "Goodyear agrees to provide training, to include but not limited to the proper safety, reliability, and maintenance procedures for the tires".

SEVENTY-SIXTH:    Paragraph 9 of the Agreement, entitled "Contingencies and Indemnity", provides in part that: "Goodyear agrees to defends, save and hold Greyhound harmless from claims and actions resulting from the use or possession of the tires furnished hereunder caused by the sole negligence of Goodyear"; and "Goodyear will indemnify, save harmless, and defend Greyhound…from and against liability, losses, claims, demands, suits, and judgments, and from costs and expenses, including the reasonable fees of counsel therewith, arising or as a result of the negligence of Goodyear or its agents or employees".

SEVENTY-SEVENTH:    On August 28, 2006 a bus ("the subject bus") carrying passengers, including the passenger plaintiffs identified in the Plaintiffs' Amended Compliant, and driven by Ronald Burgess, an employee of Greyhound Lines, Inc., was traveling on I-87 in New York when it left the roadway of I-87 and was involved in an accident ("the subject accident").

383156.1

SEVENTY-EIGHTH:   At the time of the subject accident the subject bus was equipped model G409 Goodyear tires (hereinafter referred to as "G409 tires"), including the left front steer tire on the subject bus (hereinafter "the left front tire").

SEVENTY-NINTH:   At the time of the subject accident, and at all times prior thereto, GOODYEAR owned the G409 tires including the left front tire.

EIGHTIETH:   Greyhound Lines, Inc. leased the G409 tires, including the left front tire, from GOODYEAR.

EIGHTY-FIRST:   GOODYEAR designed the G409 tires, including the left front tire.

EIGHTY-SECOND:   GOODYEAR constructed, assembled, fabricated and manufactured the G409 tires, including the left front tire.

EIGHTY-THIRD:   In the plaintiffs' Amended Complaint the plaintiffs allege, among other things, that:   "Goodyear was negligent in the design, manufacture, assembly, testing, labeling, instruction and/or inspection and warnings of and related to the tire, its component parts and/or equipment, and further sold, supplied, distributed, promoted and/or placed into the market and/or stream of commerce, defective and dangerous products without proper testing, inspection or warning thereof" (paragraph 36); "on August 28, 2006, the subject tire was being used for its intended purpose" (paragraph 38); "the subject tire was unfit for its intended purpose" (Paragraph 39); "Goodyear breached the duties of care it owed...by negligently designing, developing, manufacturing, maintaining, managing, controlling and leasing the subject tire" (paragraph 40); "the subject tire was defectively and improperly designed, manufactured, assembled and/or labeled by Goodyear" (paragraph 51); "the subject tire was sold, distributed and marketed in a defective and unreasonably dangerous condition and/or was unfit for its intended use" (paragraph 52); "Goodyear failed to warn of the propensities of its tire to fail under conditions similar to those encountered at the date and time of the accident" (paragraph 53); "at

383156.1

13

the time that the subject tire left Goodyear's control it was defective and unreasonably dangerous and/or unfit for its intended use" (paragraph 54) and "Goodyear breached its express and implied warranties by failing to provide safe, reliable and appropriate tires for passengers on the subject bus" (paragraph 47).

EIGHTY-FOURTH:    Although Greyhound Lines, Inc. has denied the plaintiffs' allegations regarding its liability and damages claims, Greyhound Lines, Inc. is nevertheless exposed to damage by reason of a possible verdict or judgment.

EIGHTY-FIFTH:    By reason of exposure to damage this cross-claim is made against GOODYEAR by reason of, among other things, GOODYEAR's:    wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacture, service, maintenance and/or repair of the G409 tires including the left front tire); breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and/or those created by operation of law); and/or strict products liability.

EIGHTY-SIXTH:    That although Greyhound Lines, Inc. has denied the allegations of wrongdoing asserted against it by the plaintiffs, nevertheless, should said defendant be found liable to the plaintiffs, such liability will have been the result of the active and affirmative wrongdoing of co-defendant, GOODYEAR, while the wrongdoing of Greyhound Lines, Inc. will have been passive and secondary.

EIGHTY-SEVENTH:    By reason of all of the foregoing, Greyhound Lines, Inc. is entitled to full indemnity from co-defendant, GOODYEAR.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST CO-DEFENDANT
## THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(CONTRIBUTION)

EIGHTY-EIGHTH:  Defendant, Greyhound Lines, Inc. repeats and realleges each and every allegation set forth above in paragraphs "FIRST" through "EIGHTY-SEVENTH" as though fully set forth at length herein.

EIGHTY-NINTH:  That although Greyhound Lines, Inc. has denied the allegations of wrongdoing asserted against it by the plaintiffs, nevertheless, should said defendant be found liable to the plaintiffs and should said defendant not be awarded full indemnity on the first cross-claim of this Answer to the Amended Complaint, then Greyhound Lines, Inc. is entitled to an apportionment of fault against co-defendant, GOODYEAR, in proportion to the relative degrees of fault or wrongdoing among the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR, or any other similar applicable law.

NINETIETH:   By reason of the foregoing, Greyhound Lines, Inc. is entitled to contribution and/or partial indemnity from the co-defendant, GOODYEAR, in accordance with the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR, or any other similar applicable law.

## AS AND FOR A THIRD CROSS-CLAIM
## AGAINST CO-DEFENDANT
## THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(CONTRACTUAL INDEMNIFICATION)

NINETY-FIRST:  Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation above set forth in paragraphs "FIRST" through "NINETIETH" as though fully set forth at length herein.

NINETY-SECOND:  That pursuant to the Agreement made by and between Greyhound

383156.1

Lines, Inc., on the one part, and co-defendant, GOODYEAR, on the other part, co-defendant,
GOODYEAR undertook to indemnify, fully or partially, Greyhound Lines, Inc. for loss, claims
and/or damage arising out of or in connection with the aforesaid Agreement.  Greyhound Lines,
Inc. begs leave to refer to the Agreement for complete its terms and conditions.

NINETY-THIRD:  By reason of all of the above and the Agreement, Greyhound Lines,
Inc. is entitled to either complete indemnification or partial indemnity by contract from co-
defendant, GOODYEAR for any verdict, judgment or settlement reached in this action against
Greyhound Lines, Inc., together with costs, expenses, disbursements and attorneys' fees.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST CO-DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(PROPERTY DAMAGE/ECONOMIC LOSS)

NINETY-FOURTH:  Defendant, Greyhound Lines, Inc., repeats and realleges each and
every allegation above set forth in paragraphs "FIRST" through "NINETY-THIRD" as though
fully set forth at length herein.

NINETY-FIFTH:  Before the subject accident, the subject bus was leased by Greyhound
Lines, Inc. from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated
February 16, 2000 (hereinafter referred to as "the Master Lease").  Greyhound Lines, Inc. begs
leave to refer to the Master Lease at the time of trial.

NINETY-SIXTH:  The Master Lease was in effect at the time of the subject accident.

NINETY-SEVENTH:  After the subject accident, and pursuant to the terms of the Master
Lease, Greyhound Lines, Inc. replaced the subject bus with another bus of the same type and
manufacturer that was owned by Greyhound Lines, Inc. (hereinafter referred to as "the
replacement bus").

NINETY-EIGHTH:  Pursuant to the terms of the Master Lease, Greyhound Lines, Inc.

383156.1

transferred title of the replacement bus to the Bank of Oklahoma, N.A.

NINETY-NINTH: After and since the subject accident, and due to the subject accident, Greyhound Lines has paid and/or will continue to pay no-fault benefits.

ONE HUNDREDTH: As a result of all of the foregoing, Greyhound Lines, Inc. has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

ONE HUNDRED-FIRST: Greyhound, Lines, Inc.'s damages and losses as described above are due to, among other things, GOODYEAR's: wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacturer, service, maintenance and/or repair of the G409 tires, including the left front tire); breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and those created by operation of law); and/or strict products liability.

ONE HUNDRED-SECOND: The amount in controversy pertaining to the damages and losses suffered by Greyhound Lines, Inc. exceeds $75,000 exclusive of interest.

ONE HUNDRED-THIRD: Greyhound Lines, Inc. has been damaged and continues to be damaged by GOODYEAR's conduct and is entitled to damages in an amount in excess of $75,000. Greyhound Lines, Inc. is entitled to recover all of the damages and losses described above from Goodyear. Greyhound Lines, Inc. is also entitled to interest since the date of the subject accident.

WHEREFORE, defendant, GREYHOUND LINES, INC., demands:

1.    Judgment dismissing the Amended Complaint;

2.    In the event that the Amended Complaint is not dismissed, then full or partial indemnity with respect to the first and third cross-claims;

383156.1

3.      In the event that full indemnity is not granted, then contribution pursuant to the second cross-claim in accordance with degrees of wrongdoing;

4.      Judgment against GOODYEAR on the fourth cross-claim in a sum in excess of $75,000 plus interest; and

5.      Together with the costs, disbursements, expenses and fees of this action.

**Dated:**      **New York, New York**
              **April 24, 2008**

                      Yours, etc.,

                      **FABIANI COHEN & HALL, LLP**

                      **Kevin B. Pollak (KBP 6098)**
                      **Attorneys for Defendant**
                      **GREYHOUND LINES, INC.**
                      **570 Lexington Avenue, 4th Floor**
                      **New York, New York  10022**
                      **(212) 644-4420**

**TO:**    **LAW OFFICE OF EDWARD P. RYAN**
       **Attorneys for Plaintiffs**
       **MAMADOU SAIDOU BAH and GNALEN BAH**
       **38 Eagle Street**
       **Albany, New York  12207**
       **(518) 465-2488**

       **HERRICK, FEINSTEIN, LLP**
       **Attorneys for Defendant**
       **THE GOODYEAR TIRE & RUBBER COMPANY**
       **2 Park Avenue**
       **New York, New York  10016**
       **(212) 592-1400**

383156.1

Bah, et al. v. Greyhound Lines, Inc. and The Goodyear Tire & Rubber Company
08 CIV 2440 (PKL)
Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER TO AMENDED COMPLAINT AND CROSSCLAIMS** was served CM/ECF and First-Class Mail, postage prepaid, this 24th day of April, 2008, to:

**LAW OFFICE OF EDWARD P. RYAN**
**Attorneys for Plaintiffs**
**MAMADOU SAIDOU BAH and GNALEN BAH**
**38 Eagle Street**
**Albany, New York  12207**
**(518) 465-2488**


**HERRICK, FEINSTEIN, LLP**
**Attorneys for Defendant**
**THE GOODYEAR TIRE & RUBBER COMPANY**
**2 Park Avenue**
**New York, New York  10016**
**(212) 592-1400**

Kevin B. Pollak (6098)

Sworn to before me this
24th day of April, 2008.

NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20_____

384564.1