UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

MAMADOU SAIDOU BAH and GNALEN BAH,

                     Plaintiffs,

                   v.

GREYHOUND LINES, INC., and THE GOODYEAR
TIRE & RUBBER COMPANY,

                     Defendants.

---------------------------------------------------------------X

GREYHOUND LINES, INC.,

                   Third-Party Plaintiff,

                   v.

MOTOR COACH INDUSTRIES, INC. and UGL
UNICCO, Formerly Known As UNICCO Service
Company,

                 Third-Party Defendants.

---------------------------------------------------------------X

**THIRD-PARTY
COMPLAINT**

**08 CIV 2440 (PKL)**

**[Related to
06 CIV 13371 (PKL)]**

**JURY TRIAL
DEMANDED**

SIRS:

      Defendant/Third-Party Plaintiff, **GREYHOUND LINES, INC.,** by its attorneys **FABIANI COHEN & HALL, LLP** as and for its Third-Party Complaint, respectfully alleges upon information and belief as follows:

      1.     At all times hereinafter mentioned the defendant/third-party plaintiff, Greyhound Lines, Inc. ("GLI"), was and is a foreign corporation, existing under and by virtue of the laws of the State of Delaware, with its principle place of business in Dallas, Texas and is authorized to do business in the State of New York.

      2.     At all times hereinafter mentioned the third-party defendant, Motor Coach Industries, Inc. ("MCI"), was and is a foreign corporation, existing under and by virtue of the

laws of the State of Delaware, with its principle place of business in Schaumburg, Illinois.

3.    At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation authorized to do business in the State of New York.

4.    At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation which by reason of its doing business in the State of New York is subject to personal jurisdiction in the State of New York.

5.    At all times hereinafter mentioned the third-party defendant, MCI, was and is a foreign corporation which is subject to personal jurisdiction in the State of New York by reason of its: transacting business within the State of New York; and/or supplying goods or services in the State of New York; and/or committing a tortuous act within the State of New York; and/or committing a tortuous act outside the State of New York causing injury within the State of New York and regularly doing or soliciting business, or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered within the State of New York; and/or committing a tortuous act outside the State of New York causing the injury within the State of New York and expects or should reasonably expect its conduct to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

6.    The third-party defendant, UGL UNICCO (hereinafter "UNICCO"), was formerly known as UNICCO Service Company.

7.    UNICCO changed its name from UNICCO Service Company to UGL UNICCO on or about November 19, 2007.

8.    At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation, existing under and by virtue of the laws of the State of Massachusetts, with its principle place of business at 275 Grove Street, Auburndale, MA 02466.

383184.1

2

9.    At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation authorized to do business in the State of New York.

10.    At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation which by reason of its doing business in the State of New York is subject to personal jurisdiction in the State of New York.

11.    At all times hereinafter mentioned the third-party defendant, UNICCO, was and is a foreign corporation which is subject to personal jurisdiction in the State of New York by reason of its:  transacting business within the State of New York; and/or supplying goods or services in the State of New York; and/or committing a tortuous act within the State of New York; and/or committing a tortuous act outside the State of New York causing injury within the State of New York and regularly doing or soliciting business, or engaging in other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered within the State of New York; and/or committing a tortuous act outside the State of New York causing the injury within the State of New York and expects or should reasonably expect its conduct to have consequences in the State of New York and derives substantial revenue from interstate or international commerce.

12.    That heretofore the plaintiffs commenced the above entitled action in the United States District Court for the Northern District of New York, which was then transferred to the Southern District of New York, asserting the liability of GLI for damages allegedly sustained by the plaintiffs. A copy of the Plaintiffs' Amended Complaint is annexed hereto as "Exhibit A".

13.    The plaintiffs generally allege that on August 28, 2006 a bus (hereinafter referred to as "the subject bus") driven by Ronald Burgess, an employee of GLI, left the roadway of I-87 near Elizabethtown, New York and crashed. The plaintiffs further generally allege that as a result of said accident they have been damaged.

383184.1

3

14.    The plaintiffs generally allege, among other things, in their Amended Complaint that: the subject bus was a model DL-3 bus; the subject bus and model DL-3 buses had unstable roofs which could collapse upon impact; the subject bus and model DL-3 buses did not have seatbelts for passenger use which could result in passengers being ejected from their seats and from the subject bus during an accident; the tires on the subject bus were defective and not properly maintained; and additional allegations as may be contained in the Amended Complaint.

15.    The plaintiffs allege, among other things, in their Amended Complaint that: the tires on the subject bus at the time of the subject accident were manufactured by The Goodyear Tire & Rubber Company (hereinafter referred to as "Goodyear"); one or more tires on the subject bus at the time of the subject accident (hereinafter referred to as "the subject tires") failed to operate as intended (paragraph 39); the subject tires had a history of failure (paragraph 31); the subject bus and the subject tires were negligently maintained (paragraph 40); and additional allegations as may be contained in the Amended Complaint.

16.    The plaintiffs generally allege that the subject accident was due to, among other things, improper and negligent service and maintenance of the subject tires.

17.    The subject bus and all of the parts and components of the subject bus (hereinafter collectively referred to as "the subject bus"), bore VIN #1M8PDMRA6YP052551.

18.    The subject bus was a 2000 MCI Model 102 DL3 bus/coach.

19.    MCI designed the subject bus.

20.    MCI constructed, assembled and manufactured the subject bus.

21.    MCI sold the subject bus.

22.    At the time of the August 28, 2006 accident involving the subject bus on I-87 in Elizabethtown, New York, the subject bus was in the same condition it was in at the time the subject bus left MCI's possession.

383184.1

23.    The subject tires on the subject bus at the time of the subject accident were leased tires having been leased by GLI from Goodyear.

24.    Before the subject accident Goodyear entered into an agreement with Ogden Cisco, Inc. (hereinafter referred to as "Ogden"), dated August 30, 1995 pursuant to which, among other things, Ogden agreed to service and maintain tires that Goodyear leased to bus companies for use on their buses. GLI begs leave to refer to the August 30, 1995 agreement for its complete terms and conditions.

25.    On or about September 11, 1996, pursuant to an Assignment Agreement, Ogden Cisco, Inc. assigned the above-mentioned August 30, 1995 agreement and all obligations of Ogden Cisco, Inc. under the above-mentioned August 30, 1995 agreement to UNICCO Service Company. GLI begs leave to refer to the Assignment Agreement for its complete terms and conditions.

26.    The above-mentioned agreement between Goodyear and UNICCO was in full force and effect on August 28, 2006, at the time of the subject accident, and prior thereto.

27.    Pursuant to the August 30, 1995 agreement referred to above and assigned to UNICCO Service Company on September 11, 1996 (hereinafter referred to as "the tire maintenance agreement"), UNICCO agreed to, among other things, service and maintain Goodyear tires that were leased by GLI and used on GLI buses including the subject tires.

28.    GLI is an intended third-party beneficiary of the tire maintenance agreement and is referred to as "Operator" in the tire maintenance agreement.

29.    Pursuant to the tire maintenance agreement UNICCO was, among other things, responsible for performing various services with respect to the subject tires.

30.    Pursuant to paragraph 12 of the tire maintenance agreement UNICCO was required to provide various services with respect to the subject tires, including but not limited to,

383184.1

5

mounting and maintaining recommended inflation pressure.

31.    Pursuant to paragraph 12 of the tire maintenance agreement UNICCO was required to ensure that the pressure of the subject tires was kept and maintained at the correct, proper and appropriate level.

32.    Prior to the subject accident the subject tires, which were on the subject bus at the time of the subject accident, were at garage locations where UNICCO employees were present and required to and/or did provide or perform various service(s) in connection with the subject tires.

33.    Pursuant to paragraph 13 of the tire maintenance agreement UNICCO was required to provide "responsible" and "capable" personnel to perform the work, labor and services UNICCO was required to perform pursuant to the tire maintenance agreement.

34.    Pursuant to paragraph 5 of the tire maintenance agreement, UNICCO agreed to "fully indemnify and hold harmless…Operator [Greyhound Lines, Inc.]…from any and all claims, demands, causes of action, damages, losses, and expenses of whatsoever nature…arising out of or related to the breach or failure to perform the contract services, the use by the Contractor [UNICCO] employees of service equipment supplied by Goodyear, or resulting from any negligent act, omission, misconduct, or fault of Contractor [UNICCO], their employees and/or agents.

35.    GLI has previously made demand upon UNICCO that it, among other things, indemnify GLI for all liability, losses, damages, judgments and expenses including attorneys' fees arising out of or relating to the subject accident and the above-captioned action.

36.    UNICCO has refused to indemnify GLI.

37.    GLI has generally denied the plaintiffs' allegations against it and its liability to the plaintiffs, but notwithstanding such denials is exposed to damage by reason of a possible

383184.1

verdict or judgment. A copy of GLI's Answer to the Amended Complaint is annexed hereto as Exhibit "B".

38.     By reason of the exposure to damage, this impleader is made against the third-party defendant, MCI, by reason of, among other things, MCI's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of warranties and/or strict products liability in connection with, among other things, the design, construction, assembly, fabrication, manufacturer and/or sale of the subject bus.

39.     By reason of the exposure to damage, this impleader is made against the third-party defendant, UNICCO, by reason of, among other things, UNICCO's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of the tire maintenance agreement, and/or UNICCO's refusal to indemnify GLI.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST THIRD-PARTY DEFENDANT, MCI**
**(INDEMNITY)**

40.     Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "39" above.

41.     That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, should said defendant/third-party plaintiff be found to be liable to the plaintiffs, then such liability shall derive from the active and affirmative wrongdoing of third-party defendant, MCI, while any wrongdoing of defendant/third-party plaintiff will have been passive and secondary only, by reason of which the defendant/third-party plaintiff, GLI, shall be entitled to complete indemnity, common law and/or contractual, from the third-party defendant, MCI.

42.     That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to full and complete indemnity from the third-party defendant in the above-captioned action.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI
## (CONTRIBUTION)

43.  Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "39" above.

44.  That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, if defendant/third-party plaintiff is found to be liable to the plaintiffs, and if complete indemnity is not granted in furtherance of the First Cause of Action hereinabove, then defendant/third-party plaintiff, GLI, is, nevertheless, entitled to contribution from third-party defendant, MCI, in proportion to the relative degrees of wrongdoing as between defendant/third-party plaintiff on the one part and the third-party defendant on the other part.

45.  That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST THIRD-PARTY DEFENDANT, MCI
## (PROPERTY DAMAGE AND ECONOMIC DAMAGES)

46.  Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "39" above.

47.  Before the subject accident, the subject bus was leased by GLI from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). GLI begs leave to refer to the Master Lease at the time of trial.

48.  The Master Lease was in effect at the time of the subject accident.

49.  After the subject accident, and pursuant to the terms of the Master Lease, GLI

383184.1

8

replaced the subject bus with another bus of the same type and manufacturer that was owned by GLI (hereinafter referred to as "the replacement bus").

50.    Pursuant to the terms of the Master Lease, GLI transferred title of the replacement bus to the Bank of Oklahoma, N.A.

51.    After and since the subject accident, and due to the subject accident, GLI has paid and will continue to pay no-fault benefits.

52.    As a result of all of the foregoing, GLI has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

53.    Defendant/third-party plaintiff, GLI's damages and losses as described above are due to, among other things, MCI's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract, breach of warranties and/or strict products liability in connection with, among other things, the design, construction, assembly, fabrication, manufacturer and/or sale of the subject bus.

54.    The amount in controversy pertaining to the damages and loss suffered by GLI exceeds $75,000 exclusive of interest.

55.    Defendant/third-party plaintiff, GLI, has been damaged, and continues to be damaged, by MCI's conduct and is entitled to damages in an amount in excess of $75,000. GLI is entitled to recover all of the damages and losses described above from MCI. GLI is also entitled to interest since the date of the subject accident.

## AS AND FOR A FOURTH CAUSE OF ACTION
## <u>AGAINST THIRD-PARTY DEFENDANT, UNICCO</u>
## <u>(INDEMNITY)</u>

56.    Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "39" above.

57.    That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, should said defendant/third-party plaintiff be found to be liable to the plaintiffs, then such liability shall derive from the active and affirmative wrongdoing of third-party defendant, UNICCO, while any wrongdoing of defendant/third-party plaintiff will have been passive and secondary only, by reason of which the defendant/third-party plaintiff, GLI, shall be entitled to partial and/or complete indemnity, common law and/or contractual, including attorneys' fees and litigation expenses, from the third-party defendant, UNICCO.

58.    That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to partial and/or full and complete indemnity from the third-party defendant, UNICCO, including attorneys' fees and litigation expenses.

## AS AND FOR A FIFTH CAUSE OF ACTION
## <u>AGAINST THIRD-PARTY DEFENDANT, UNICCO</u>
## <u>(CONTRIBUTION)</u>

59.    Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "39" above.

60.    That although defendant/third-party plaintiff, GLI, has generally denied the allegations of wrongdoing asserted against it, nevertheless, if defendant/third-party plaintiff is found to be liable to the plaintiffs, and/or if partial and/or complete indemnity is not granted in furtherance of the Fourth Cause of Action hereinabove, then defendant/third-party plaintiff, GLI, is, nevertheless, entitled to contribution from third-party defendant, UNICCO, in proportion to

383184.1

the relative degrees of wrongdoing as between defendant/third-party plaintiff on the one part and the third-party defendant on the other part.

61.    That, by reason thereof, defendant/third-party plaintiff, GLI, is entitled to an allocation of any damages by reason of verdict or judgment in proportion to the degrees of wrongdoing.

**AS AND FOR A SIXTH CAUSE OF ACTION
AGAINST THIRD-PARTY DEFENDANT, UNICCO
(PROPERTY DAMAGE AND ECONOMIC DAMAGES)**

62.    Defendant/third-party plaintiff, GLI, repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "39" above.

63.    Before the subject accident, the subject bus was leased by GLI from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). GLI begs leave to refer to the Master Lease at the time of trial.

64.    The Master Lease was in effect at the time of the subject accident.

65.    After the subject accident, and pursuant to the terms of the Master Lease, GLI replaced the subject bus with another bus of the same type and manufacturer that was owned by GLI (hereinafter referred to as "the replacement bus").

66.    Pursuant to the terms of the Master Lease, GLI transferred title of the replacement bus to the Bank of Oklahoma, N.A.

67.    After and since the subject accident, and due to the subject accident, GLI has paid and will continue to pay no-fault benefits.

68.    As a result of all of the foregoing, GLI has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

383184.1

69.     Defendant/third-party plaintiff, GLI's damages and losses as described above are due to, among other things, UNICCO's wrongful conduct, acts, omissions, negligence, carelessness, recklessness, breach of contract and/or breach of the tire maintenance agreement.

70.     The amount in controversy pertaining to the damages and loss suffered by GLI exceeds $75,000 exclusive of interest.

71.     Defendant/third-party plaintiff, GLI, has been damaged, and continues to be damaged, by UNICCO's conduct and is entitled to damages in an amount in excess of $75,000. GLI is entitled to recover all of the damages and losses described above from UNICCO. GLI is also entitled to interest since the date of the subject accident.

**WHEREFORE**, the defendant/third-party plaintiff, GREYHOUND LINES INC., demands judgment against third-party defendants, MOTOR COACH INDUSTRIES, INC. and UGL UNICCO, Formerly Known As UNICCO Service Company, as follows:

1.     For indemnity on the First Cause of Action;

2.     For contribution on the Second Cause of Action;

3.     For damages in excess of the $75,000 jurisdictional limit of this Court on the Third Cause of Action, plus interest.

4.     For indemnity on the Fourth Cause of Action;

5.     For contribution on the Fifth Cause of Action;

6.     For damages in excess of the $75,000 jurisdictional limit of this Court on the Sixth Cause of Action, plus interest.

383184.1

Together with costs, disbursements, fees and expenses, and such damages as are allowable under the law, inclusive of counsel fees.

Dated:       New York, New York
             April 28, 2008

                                    Yours, etc.,

                                    FABIANI COHEN & HALL, LLP

                                    Kevin B. Pollak (KBP 6098)
                                    Attorneys for Defendant/Third-Party Plaintiff
                                    GREYHOUND LINES, INC.
                                    570 Lexington Avenue, 4th Floor
                                    New York, New York  10022
                                    (212) 644-4420


TO:    MOTOR COACH INDUSTRIES, INC.
       1700 East Golf Road
       Schaumburg, Illinois  60173
       (866) 624-2622

TO:    UGL UNICCO
       275 Grove Street
       Auburndale, MA  02466

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAMADOU SAIDOU BAH and GNALEN BAH

|  |  |
|---|---|
| Plaintiffs, | CIVIL ACTION NO.: _____ |
| | (Related to 06 CIV. 13371 (PKL)) |
| V. | AMENDED COMPLAINT<br>JURY TRIAL DEMANDED |
| GREYHOUND LINES, INC.<br>and THE GOODYEAR RUBBER AND<br>TIRE COMPANY, | |
| Defendants. | |

-------------------------------------------------------------X

## PLAINTIFFS' AMENDED COMPLAINT[1]

Plaintiffs Mamadou Saidou Bah and Gnalen Bah by and through their attorney, Edward

P. Ryan, hereby state as follows:

### Parties

1.      Plaintiff Mamadou Saidou Bah is a resident of Paris, France and is married to

Gnalen Bah.

2.      Plaintiff Gnalen Bah is a resident of Paris, France and is married to Mamadou

Saidou Bah.

3.      Upon information and belief, Defendant Greyhound Lines, Inc. (hereinafter

"Greyhound") is a corporation organized and existing under the laws of the State of Delaware

---

[1] Note: The original complaint was filed in the United States District Court for the Northern District of New York under 08 CV 2440. Pursuant to a stipulation by and between the attorneys for the plaintiffs herein and Greyhound, the action was transferred to the United States District Court for the Southern District of New York. The action as it related to Laidlaw International, Inc., was discontinued per stipulation and the Goodyear Rubber and Tire Company was added as a defendant.

and maintains its principal place of business in the State of Texas. Greyhound conducts

substantial business in the State of New York and within this District.

    4.       Upon information and belief, Defendant The Goodyear Rubber and Tire

Company (hereinafter "Goodyear") is a corporation organized and existing under the laws of the

State of Ohio and maintains its principal place of business in the State of Ohio. Goodyear

conducts substantial business in the State of New York and within this District.

### Jurisdiction and Venue

    5.       This Court has jurisdiction over this matter based on the diversity of citizenship of

the parties and the matter in controversy exceeds the sum of $75,000.00 excluding interest and

costs.

    6.       The court has *in personam* jurisdiction over defendants because at all times

material to this cause of action they were and are foreign corporations for profit organized and

existing under the laws of a State other than New York but regularly and continually conducting

business in the State of New York, having sufficient contacts within the State of New York;

Jurisdiction of the District Court is claimed pursuant to 28 USCA §1332(A).

    7.       Venue in this District satisfies the requirements of 28 U.S.C. §1391 in that the

defendants conducted substantial business in this District and are subject to New York personal

jurisdiction.

### Background

    8.       At all times mentioned herein, defendant Greyhound was and is in the business of

owning, operating, managing, controlling and maintaining, by and through its servants, agents

and employees, commercial buses, and as such, it owned, operated, managed, controlled and

maintained the bus upon which the Plaintiffs were passengers at the time of the accident at issue in this case.

9.     At all times mentioned herein, defendant Goodyear was and is in the business of providing tires and related services for the buses owned and operated by the defendant Greyhound including the bus involved in the incident which is the subject of this action.

10.     At all times mentioned herein, defendant Greyhound operated as a common carrier in that its buses were made available for transportation to the general fare-paying public.

11.     At all times mentioned herein, Ronald Burgess was an employee of Greyhound.

12.     At all times mentioned herein, Ronald Burgess operated a bus owned, managed, controlled and maintained by defendants with defendants' permission and consent and within the course and scope of his employment.

13.     On or about August 28, 2006 defendant Greyhound owned, leased, maintained, managed, controlled and operated a Greyhound Bus Number 4014 model DL-3 bearing Texas state registration number R7HW58 ("the subject bus").

14.     On or about August 28, 2006, Ronald Burgess operated the subject bus on its route between New York City, to Albany, Saratoga Springs and then to Montreal, Quebec and with the express and implied permission of one or both of the defendants was responsible for the security of the subject bus and the safety of those in the subject bus.

15.     On or about August 28, 2006 Plaintiffs Mamadou Saidou Bah and Gnalen Bah were fare paying passengers on the subject bus.

16.     On or about August 28, 2006, Plaintiffs Mamadou Saidou Bah and Gnalen Bah boarded the subject bus at the Port Authority Bus Terminal in New York; the bus stopped in Albany and Saratoga Springs, and then resumed its travel toward Montreal.

17.    On or about August 28, 2006, the subject bus, driven by Ronald Burgess and on which Mamadou Saidou Bah and Gnalen Bah were passengers, was traveling on Interstate I-87("The Northway"), in or near Elizabethtown, New York.

18.    Upon information and belief, on or about August 28, 2006, at apparently 6:45 p.m., a damaged Goodyear tire on the subject bus either exploded or deflated abruptly.

19.    On or about August 28, 2006, after the aforementioned tire explosion, Ronald Burgess lost control of the subject bus and it then veered off the roadway, overturned repeatedly and crashed.

20.    As the subject bus rolled over, several passengers, including the Plaintiffs, were thrown from it.

21.    Upon information and belief, prior to August 28, 2006, defendants were aware of the proclivity their model DL-3 buses had for tires exploding or deflating abruptly which could result in loss of control of the vehicles as well as consequential accidents.

22.    Upon information and belief, prior to August 28, 2006, defendant Greyhound did knowingly purchase, lease, employ, operate and use model DL-3 buses, including the subject bus, with unstable roofs which could collapse upon impact.

23.    Upon information and belief, prior to August 28, 2006, defendant Greyhound did knowingly purchase, lease, employ, operate and use model DL-3 buses, including the subject bus, which lacked passenger seatbelts.

24.    Upon information and belief, prior to August 28, 2006, knowing that the absence of seatbelts could cause passengers to be ejected from their seats, and in some cases from the bus, in the event of an accident and rollover, defendant Greyhound chose not to install seatbelts in their model DL-3 buses.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (NEGLIGENCE AGAINST GREYHOUND)

25.    Plaintiffs hereby incorporate each and every allegation in paragraphs "1" through "24".

26.    That the aforesaid occurrence was due to the negligence of the Defendant Greyhound, its agents, servants and/or employees in the ownership, operation, maintenance and control of their aforesaid motor vehicle.

27.    As a common carrier, Defendant Greyhound had a duty to exercise the highest standard of care and to provide safe transport to all passengers on the subject bus.

28.    Ronald Burgess' failure to use appropriate care to operate the subject bus, to observe the conditions of the roadway, to drive at a speed that would have permitted him to control the bus and to otherwise exercise the requisite control over the bus, violated state common law standards and State and Federal statutory standards, and he was otherwise negligent.

29.    That the negligence of the driver, Ronald Burgess, is imputed to the Defendant owners of the vehicle, pursuant to §388 of the Vehicle and Traffic Law of the State of New York.

30.    That a proximate cause of the incident was Defendant Greyhound's negligence, its reckless disregard of the care required to be exercised by law and common practice for the safety of its passengers, and other culpable conduct of Defendant Greyhound, through their agents, employees, and representatives, without any fault or negligence on the part of Plaintiffs contributing thereto.

31.    That the Plaintiffs reserve the right to rely upon the Doctrine of *Res Ipsa Loquitur*.

32.    That as a result of the aforesaid occurrence, Plaintiffs have sustained severe and serious injuries as defined by §5102(d) of the Insurance Law of the State of New York, including personal injuries, pain and suffering and a loss of the quality of enjoyment of life, have suffered economic loss greater than basic economic loss as defined by §5104 of New York's insurance law, and other damages, all of which exceed the sum of $75,000.00, exclusive of interest and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (NEGLIGENCE AGAINST GOODYEAR)

33.    All plaintiffs hereby incorporate each and every allegation contained in paragraphs "1" through "32".

34.    Goodyear had a contractual relationship to provide tires to Greyhound for use on Greyhound buses.

35.    Goodyear had a duty to exercise reasonable care and to provide a safe product to all passengers on buses using its subject tire.

36.    Upon information and belief, Goodyear was negligent in the design, manufacture, assembly, testing, labeling, instruction and/or inspection and warnings of and related to the tire, its component parts and/or equipment, and further sold, supplied, distributed, promoted and/or placed into the market and/or stream of commerce, defective and dangerous products without proper testing, inspection or warning thereof.

37.    Upon information and belief, in failing to exercise reasonable care, Goodyear launched a force or instrument of harm into the stream of commerce, upon which plaintiffs detrimentally relied.

38.    On August 28, 2006, the subject tire was being used for its intended purpose.

39.     Upon information and belief, the subject tire was unfit for its intended purpose and was not of merchantable quality.

40.     Upon information and belief, Goodyear breached the duties of care it owed to the plaintiffs by negligently designing, developing, manufacturing, maintaining, managing, controlling and leasing the subject tire; by negligently hiring, supervising, training, communicating with and educating its employees, representatives and agents who designed, developed, manufactured, managed, controlled, maintained and leased the subject tire; and by recklessly ignoring the history their tires had of failures and continuing to lease said tires.

41.     As a proximate result of defendant Goodyear's negligence and breach of its duty of care, Mamadou Saidou Bah and Gnalen Bah were rendered sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), and as a result suffered conscious pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained emotional distress, and all other damages allowable under the applicable law and other damages, all of which exceed the sum of $75,000.00, exclusive of interest and costs.

### THIRD CAUSE OF ACTION
### (BREACH OF WARRANTIES AGAINST GREYHOUND)

42.     Plaintiffs repeat and reallege all allegations of paragraphs "1" through "41" of this Complaint as if fully set forth herein.

43.     Defendant Greyhound expressly and impliedly warrantied that they would provide safe, reliable and appropriate common carriage bus transportation for their fare-paying

passengers, using bus operation techniques that would assure the reasonable and safe transport of all passengers, including the Plaintiffs, and that their drivers, buses and equipment were reasonably fit for their intended and foreseeable uses and purposes.

44.     Defendant Greyhound breached its express and implied warranties by failing to provide safe, reliable and appropriate common carriage bus transportation for its fare-paying passengers when the subject bus crashed during the leg of the trip from Saratoga Springs to Montreal on August 28, 2006.

45.     As a proximate result of Defendant Greyhound's breach of its express and implied warranties, Plaintiffs Mamadou Saidou Bah and Gnalen Bah, suffered serious injuries as defined by §5102(d) of New York State Insurance Law, including personal injuries, pain and suffering and a loss of the quality of enjoyment of life, and have suffered economic loss greater than basic economic loss as defined by §5104 of New York State's Insurance Law, and other damages, all of which exceed the sum of $75,000.00, exclusive of interest and costs.

## FOURTH CAUSE OF ACTION
### (BREACH OF WARRANTIES AGAINST GOODYEAR)

46.     Plaintiffs repeat and reallege all allegations of paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47.     Goodyear expressly and impliedly warranted that it would provide design, develop, manufacture, maintain, own and lease safe, reliable and appropriate tires, using techniques that would assure the safety of any users of its product, including the passenger plaintiffs, and that its tires and equipment were reasonably fit for their intended and foreseeable uses and purposes.

48.     Goodyear breached its express and implied warranties by failing to provide safe, reliable and appropriate tires for passengers on the subject bus when the subject tire failed,

causing the bus to veer off the road and contributing to the crash during the trip from New York City to Montreal.

49.     As a proximate result of defendant Greyhound's breach of its express and implied warranties, defendants Mamadou Saidou Bah and Gnalen Bah were rendered sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above); and all passenger plaintiffs suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained emotional distress, and all other damages allowable under the applicable law in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of pre-judgment interest and costs of this action, such amount to be proven at trial.

### FIFTH  CAUSE OF ACTION AGAINST DEFENDANT (STRICT PRODUCT LIABILITY AGAINST GOODYEAR)

50.     Plaintiffs hereby incorporate each and every allegation contained in paragraphs "1" through "49".

51.     Upon information and belief, the suspect tire was defectively and improperly designed, manufactured, assembled and/or labeled by the defendant Goodyear.

52.     Upon information and belief, the suspect tire was sold, distributed and marketed in a defective and/or unreasonably dangerous condition and/or was unfit for its intended use into the stream of commerce by Goodyear.

53.     Upon information and belief, Goodyear failed to warn of the propensities of its tire to fail under conditions similar to those encountered at the time and date of the accident.

54.     Upon information and belief, at the time that the subject tire left Goodyear's control, it was defective, unreasonably dangerous and/or unfit for its intended purpose.

55.     Upon information and belief, the subject tire had not been altered, modified or changed in any form or fashion prior to its use on August 28, 2006.

56.     As a proximate result of defendant Greyhound's breach of its express and implied warranties, defendants Mamadou Saidou Bah and Gnalen Bah were rendered sick, lame, sore and disabled and suffering pain and serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above); and all passenger plaintiffs suffered serious injuries (as defined by section 5102 (d) of New York State's Insurance Law and as described above), conscious pain and suffering, a loss of the quality of enjoyment of life and loss of consortium, have suffered economic loss greater than basic economic loss as defined by section 5104 of New York State's Insurance Law, have incurred medical expenses and will continue to incur such expenses in the future, have lost earnings and in the future will continue to lose earnings, have sustained emotional distress, and all other damages allowable under the applicable law in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of pre-judgment interest and costs of this action, such amount to be proven at trial.

### SIXTH CAUSE OF ACTON AGAINST DEFENDANTS (LOSS OF CONSORTIUM)

57.     Plaintiffs hereby incorporate each and every allegation contained in paragraphs "1" through "56".

58.     Plaintiffs Mamadou Saidou Bah and Gnalen Bah are married, and as husband and wife are entitled to one another's services, society, companionship and consortium.

59.    As a result of the Plaintiffs' injuries, as caused by the negligence of the defendants, Mamadou Saidou Bah and Gnalen Bah have suffered the loss of each other's services, society, companionship and consortium in a sum in excess of seventy-five thousand dollars ($75,000.00) exclusive of pre-judgment interest and costs of this action, such amount to be proven at trial.

60.    A jury trial is demanded of each count of this complaint.

**WHEREFORE**, the Plaintiffs demand judgment in their favor and against the Defendants as follows:

a.    For the First Cause of Action, an amount in excess of seventy-five thousand dollars ($75,000.00);

b.    For the Second Cause of Action, an amount in excess of seventy-five thousand dollars ($75,000.00);

c.    For the Third Cause of Action, an amount in excess of seventy-five thousand dollars ($75,000.00);

d.    For the Fourth Cause of Action, an amount in excess of seventy-five thousand dollars ($75,000.00);

e.    For the Fifth Cause of Action, an amount in excess of seventy-five thousand dollars ($75,000.00);

f.    For the Sixth Cause of Action, an amount in excess of seventy-five thousand dollars ($75,000.00);

g.    For the costs and disbursements of this action, together with such other and further relief as the Court deems just and proper.

Dated:    Albany, New York
         April 16, 2008

Yours etc.,

Edward P. Ryan
Bar Roll No. ER2517
38 Eagle Street
Albany, New York 12207
(518) 465-2488

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MAMADOU SAIDOU BAH and GNALEN BAH,

                           **Plaintiffs,**

                   **v.**

GREYHOUND LINES, INC., and THE GOODYEAR
TIRE & RUBBER COMPANY,

                          **Defendants.**

-----------------------------------------------------------------------X

**ANSWER TO
AMENDED COMPLAINT
AND CROSSCLAIMS**

**08 CIV 2440 (PKL)**

**[Related to
06 CIV 13371 (PKL)]**

**JURY TRIAL
DEMANDED**

        Defendant, GREYHOUND LINES, INC., by its attorneys, FABIANI COHEN & HALL,

LLP, as and for an Answer to the plaintiffs' Amended Complaint, sets forth, upon information

and belief, the following:

<u>Parties</u>

        FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph No. "1" of the plaintiffs' Amended Complaint.

        SECOND:  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. "2" of the plaintiffs' Amended Complaint.

        THIRD:  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. "3" of the plaintiffs' Amended Complaint, except

admits that defendant, GREYHOUND LINES, INC., is a corporation organized and existing

under the laws of the State of Delaware, maintains its principal place of business in the State of

Texas, and conducts business in the State of New York and within this District.

        FOURTH:  Denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph No. "4" of the plaintiffs' Amended Complaint.

**Jurisdiction and Venue**

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "5" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "6" of the plaintiffs' Amended Complaint, except admits that defendant, GREYHOUND LINES, INC., is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in the State of Texas, and conducts business in the State of New York and within this District.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "7" of the plaintiffs' Amended Complaint, except admits that defendant, GREYHOUND LINES, INC., is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in the State of Texas, and conducts business in the State of New York and within this District.

**Background**

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiffs' Amended Complaint, except admits that defendant, GREYHOUND, was and is in the business of utilizing buses, some of which are owned by Greyhound, to transport passengers.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "9" of the plaintiffs' Amended Complaint.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "10" of the plaintiffs' Amended Complaint, except

admits that defendant, GREYHOUND, was and is in the business of utilizing buses, some of which are owned by Greyhound, to transport passengers.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "11" of the plaintiffs' Amended Complaint, except admits that on August 28, 2006, and at the time of the accident at issue in this litigation, Ronald Burgess was an employee of Greyhound.

TWELVTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "12" of the plaintiffs' Amended Complaint, except admits that Ronald Burgess operated a bus with defendant Greyhound's permission and consent and within the course and scope of his employment by Greyhound Lines, Inc.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "13" of the plaintiffs' Amended Complaint, except admits that on August 28, 2006, Ronald Burgess operated an MCI bus, model 102DL3 bearing Texas state registration number R7HW58.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "14" of the plaintiffs' Amended Complaint, except admits that on August 28, 2006, Ronald Burgess operated the subject bus on a Greyhound schedule from New York to Canada with the express and implied permission of defendant Greyhound Lines, Inc.

FIFTEENTH: Admits the allegations contained in Paragraph No. "15" of the plaintiffs' Amended Complaint.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "16" of the plaintiffs' Amended Complaint.

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "17" of the plaintiffs' Amended Complaint, except admits that on August 28, 2006 the subject bus driven by Ronald Burgess and on which the plaintiffs were passengers, was traveling on Interstate I-87, in or near Elizabethtown, New York.

EIGHTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "18" of the plaintiffs' Amended Complaint.

NINETEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "19" of the plaintiffs' Amended Complaint.

TWENTIETH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "20" of the plaintiffs' Amended Complaint.

TWENTY-FIRST: Denies each and every allegation contained in Paragraph No. "21" of the plaintiffs' Amended Complaint.

TWENTY-SECOND: Denies each and every allegation contained in Paragraph No. "22" of the plaintiffs' Amended Complaint.

TWENTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "23" of the plaintiffs' Amended Complaint, except admits that prior to August 28, 2006, Greyhound Lines, Inc. utilized MCI model 102DL3 buses which did not come equipped with passenger seatbelts, including the subject bus, to transport passengers.

TWENTY-FOURTH: Denies each and every allegation contained in Paragraph No. "24" of the plaintiffs' Amended Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION
## (NEGLIGENCE AGAINST GREYHOUND)

TWENTY-FIFTH:    In response to Paragraph No. "25" of the plaintiffs' Amended Complaint, the answering defendant repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "TWENTY-FOURTH" hereinabove as though more fully set forth at length herein.

TWENTY–SIXTH:  Denies each and every allegation contained in Paragraph No. "26" of plaintiffs' Amended Complaint.

TWENTY-SEVENTH:  Denies each and every allegation contained in Paragraph No. "27" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

TWENTY-EIGHTH:  Denies each and every allegation contained in Paragraph No. "28" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

TWENTY-NINTH:  Denies each and every allegation contained in Paragraph No. "29" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTIETH:  Denies each and every allegation contained in Paragraph No. "30" of the plaintiffs' Amended Complaint.

THIRTY-FIRST:  Denies each and every allegation contained in Paragraph No. "31" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

THIRTY–SECOND:  Denies each and every allegation contained in Paragraph No. "32" of plaintiffs' Amended Complaint and respectfully refers all questions of law to the

determination of the Trial Court.

## ANSWERING THE SECOND CAUSE OF ACTION
### (NEGLIGENCE AGAINST GOODYEAR)

THIRTY-THIRD:   In response to Paragraph No. "33" of the plaintiffs' Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "THIRTY-SECOND" hereinabove as though more fully set forth at length herein.

THIRTY-FOURTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "34" of the plaintiffs' Amended Complaint.

THIRTY-FIFTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "35" of the plaintiffs' Amended Complaint.

THIRTY-SIXTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "36" of the plaintiffs' Amended Complaint.

THIRTY-SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "37" of the plaintiffs' Amended Complaint.

THIRTY-EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "38" of the plaintiffs' Amended Complaint.

THIRTY-NINTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "39" of the plaintiffs' Amended Complaint.

FORTIETH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "40" of the plaintiffs' Amended Complaint.

FORTY-FIRST:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "41" of the plaintiffs' Amended Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION
## (BREACH OF WARRANTIES AGAINST GREYHOUND)

FORTY-SECOND:   In response to Paragraph No. "42" of the plaintiffs' Amended Complaint, the answering defendant repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTY-FIRST" hereinabove as though more fully set forth at length herein.

FORTY-THIRD:  Denies each and every allegation contained in Paragraph No. "43" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FORTY-FOURTH:  Denies each and every allegation contained in Paragraph No. "44" of the plaintiffs' Amended Complaint.

FORTY-FIFTH:  Denies each and every allegation contained in Paragraph No. "45" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

## ANSWERING THE FOURTH CAUSE OF ACTION
## (BREACH OF WARRANTIES AGAINST GOODYEAR)

FORTY-SIXTH:   In response to Paragraph No. "46" of the plaintiffs' Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTY-FIFTH" hereinabove as though more fully set forth at length herein.

FORTY-SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "47" of the plaintiffs' Amended Complaint.

383156.1

7

FORTY-EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "48" of the plaintiffs' Amended Complaint.

FORTY-NINTH: Denies each and every allegation contained in Paragraph No. "49" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

**ANSWERING THE FIFTH CAUSE OF ACTION**
**(STRICT PRODUCT LIABILITY AGAINST GOODYEAR)**

FIFTIETH: In response to Paragraph No. "50" of the plaintiffs' Amended Complaint, defendant, Greyhound Lines, Inc., repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FORTY-NINTH" hereinabove as though more fully set forth at length herein.

FIFTY-FIRST: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "51" of the plaintiffs' Amended Complaint.

FIFTY-SECOND: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "52" of the plaintiffs' Amended Complaint.

FIFTY-THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "53" of the plaintiffs' Amended Complaint.

FIFTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "54" of the plaintiffs' Amended Complaint.

FIFTY-FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "55" of the plaintiffs' Amended Complaint.

FIFTY-SIXTH: Denies each and every allegation contained in Paragraph No. "56" of the plaintiffs' Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

## ANSWERING THE SIXTH CAUSE OF ACTION
## (LOSS OF CONSORTIUM)

FIFTY-SEVENTH:  In response to Paragraph No. "57" of the plaintiffs' Amended Complaint, the answering defendant repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "FIFTY-SIXTH" hereinabove as though more fully set forth at length herein.

FIFTY-EIGHTH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "58" of the plaintiffs' Amended Complaint . and respectfully refers all questions of law to the determination of the Trial Court.

FIFTY-NINTH:  Denies each and every allegation contained in Paragraph No. "59" of the plaintiffs' Amended Complaint.

SIXTIETH:  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "60" of plaintiffs' Amended Complaint and begs leave to refer to all pleadings.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTY-FIRST:  Upon information and belief, any damages sustained by the plaintiffs herein were not caused by any negligence or carelessness on the part of Greyhound Lines, Inc., its servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiffs and that such conduct requires diminution of any award, verdict or judgment that plaintiffs may recover against Greyhound Lines, Inc..

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTY-SECOND:  Notwithstanding that Greyhound Lines, Inc. has denied liability herein, in the event that liability is found, the liability of Greyhound Lines, Inc. shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to New York Civil

Practice Law and Rules ("CPLR") §1601 et seq., or any similar applicable law, the liability of Greyhound Lines, Inc. for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTY-THIRD:  That to the extent the plaintiffs recover any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545 or any similar applicable law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SIXTY-FOURTH:  Upon information and belief, the injuries sustained by plaintiffs are such that they do not fall within the requirements of Insurance Law §51-02, et seq. or any similar no-fault threshold law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH:  The Third Cause of Action fails to state a claim upon which relief can be granted as against defendant Greyhound Lines, Inc.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH:  Some of the claims and or theories of liability made by the plaintiffs in this action, including but not necessarily limited to those pertaining to seatbelts and the roof the subject bus, are preempted and prohibited.  To the extent the Cause of Actions in this Amended Complaint are based upon these preempted theories of liability, or any other pre-empted theory of liability, said Cause of Actions fail to state a claim for which relief can be granted.

383156.1

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH:  The law of one or more jurisdictions, states and/or other countries, besides the State of New York, may be applicable to all or portions of the claims or defenses made by some or all of the various parties in this litigation, including but not necessarily limited to the law of the state of citizenship, residence or domicile of the plaintiffs.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST CO-DEFENDANT
## THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(COMMON LAW INDEMNIFICATION)

SIXTY-EIGHTH:  Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation set forth above in paragraphs "FIRST" through "SIXTY-SEVENTH" as though fully set forth at length herein.

SIXTY-NINTH:  Before August 28, 2006 Greyhound Lines, Inc. and GOODYEAR TIRE & RUBBER COMPANY (hereinafter referred to as "GOODYEAR") entered into an Agreement dated October 3, 2000 (hereinafter referred to as "the Agreement").  Greyhound Lines, Inc. begs leave to refer to the Agreement for its complete terms and conditions.

SEVENTIETH:  Paragraph 2 of the Agreement, entitled "Lease of Tires," provides in part that "Goodyear will furnish Greyhound tires for use on the entire fleet of buses operated by Greyhound..." and that "Goodyear commits to produce a new tire that will meet Greyhound's fleet requirements..."

SEVENTY-FIRST:  Paragraph 6 of the Agreement, entitled "Title to Tires and Liens on Buses", provides in part that "[t]itle to all tires furnished hereunder shall remain at all times in Goodyear..."

SEVENTY-SECOND:  Paragraph 11 of the Agreement, entitled "Service", provides in part: "(a) Goodyear warrants and promises that all tires provided to Greyhound will be of

383156.1

11

sufficient grade, quality, and standard to permit reasonable and safe use and operation on Greyhound's buses."

SEVENTY-THIRD:    Paragraph 11 (c) of the Agreement provides in part that "tire service to be performed by Goodyear will be performed in accordance with Exhibit "C" attached" to the Agreement.

SEVENTY-FOURTH:    The Agreement contains of various Exhibits, including Exhibit "C". Exhibit "C" is entitled Procedure Guideline No.: PB K-91 (hereinafter referred to as "the K-91"). (The Agreement, including all Exhibits of the Agreement, are hereinafter collectively referred to as "the Agreement".)

SEVENTY-FIFTH: Paragraph 12 of the Agreement, entitled "Training", provides in part that "Goodyear agrees to provide training, to include but not limited to the proper safety, reliability, and maintenance procedures for the tires".

SEVENTY-SIXTH:    Paragraph 9 of the Agreement, entitled "Contingencies and Indemnity", provides in part that: "Goodyear agrees to defends, save and hold Greyhound harmless from claims and actions resulting from the use or possession of the tires furnished hereunder caused by the sole negligence of Goodyear"; and "Goodyear will indemnify, save harmless, and defend Greyhound...from and against liability, losses, claims, demands, suits, and judgments, and from costs and expenses, including the reasonable fees of counsel therewith, arising or as a result of the negligence of Goodyear or its agents or employees".

SEVENTY-SEVENTH:    On August 28, 2006 a bus ("the subject bus") carrying passengers, including the passenger plaintiffs identified in the Plaintiffs' Amended Compliant, and driven by Ronald Burgess, an employee of Greyhound Lines, Inc., was traveling on I-87 in New York when it left the roadway of I-87 and was involved in an accident ("the subject accident").

SEVENTY-EIGHTH:  At the time of the subject accident the subject bus was equipped model G409 Goodyear tires (hereinafter referred to as "G409 tires"), including the left front steer tire on the subject bus (hereinafter "the left front tire").

SEVENTY-NINTH:  At the time of the subject accident, and at all times prior thereto, GOODYEAR owned the G409 tires including the left front tire.

EIGHTIETH:  Greyhound Lines, Inc. leased the G409 tires, including the left front tire, from GOODYEAR.

EIGHTY-FIRST:  GOODYEAR designed the G409 tires, including the left front tire.

EIGHTY-SECOND:  GOODYEAR constructed, assembled, fabricated and manufactured the G409 tires, including the left front tire.

EIGHTY-THIRD:  In the plaintiffs' Amended Complaint the plaintiffs allege, among other things, that:  "Goodyear was negligent in the design, manufacture, assembly, testing, labeling, instruction and/or inspection and warnings of and related to the tire, its component parts and/or equipment, and further sold, supplied, distributed, promoted and/or placed into the market and/or stream of commerce, defective and dangerous products without proper testing, inspection or warning thereof" (paragraph 36); "on August 28, 2006, the subject tire was being used for its intended purpose" (paragraph 38); "the subject tire was unfit for its intended purpose" (Paragraph 39); "Goodyear breached the duties of care it owed…by negligently designing, developing, manufacturing, maintaining, managing, controlling and leasing the subject tire" (paragraph 40); "the subject tire was defectively and improperly designed, manufactured, assembled and/or labeled by Goodyear" (paragraph 51); "the subject tire was sold, distributed and marketed in a defective and unreasonably dangerous condition and/or was unfit for its intended use" (paragraph 52); "Goodyear failed to warn of the propensities of its tire to fail under conditions similar to those encountered at the date and time of the accident" (paragraph 53); "at

383156.1

13

the time that the subject tire left Goodyear's control it was defective and unreasonably dangerous and/or unfit for its intended use" (paragraph 54) and "Goodyear breached its express and implied warranties by failing to provide safe, reliable and appropriate tires for passengers on the subject bus" (paragraph 47).

EIGHTY-FOURTH:    Although Greyhound Lines, Inc. has denied the plaintiffs' allegations regarding its liability and damages claims, Greyhound Lines, Inc. is nevertheless exposed to damage by reason of a possible verdict or judgment.

EIGHTY-FIFTH:  By reason of exposure to damage this cross-claim is made against GOODYEAR by reason of, among other things, GOODYEAR's:  wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacture, service, maintenance and/or repair of the G409 tires including the left front tire); breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and/or those created by operation of law); and/or strict products liability.

EIGHTY-SIXTH:  That although Greyhound Lines, Inc. has denied the allegations of wrongdoing asserted against it by the plaintiffs, nevertheless, should said defendant be found liable to the plaintiffs, such liability will have been the result of the active and affirmative wrongdoing of co-defendant, GOODYEAR, while the wrongdoing of Greyhound Lines, Inc. will have been passive and secondary.

EIGHTY-SEVENTH:  By reason of all of the foregoing, Greyhound Lines, Inc. is entitled to full indemnity from co-defendant, GOODYEAR.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST CO-DEFENDANT
## THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(CONTRIBUTION)

EIGHTY-EIGHTH:  Defendant, Greyhound Lines, Inc. repeats and realleges each and every allegation set forth above in paragraphs "FIRST" through "EIGHTY-SEVENTH" as though fully set forth at length herein.

EIGHTY-NINTH:  That although Greyhound Lines, Inc. has denied the allegations of wrongdoing asserted against it by the plaintiffs, nevertheless, should said defendant be found liable to the plaintiffs and should said defendant not be awarded full indemnity on the first cross-claim of this Answer to the Amended Complaint, then Greyhound Lines, Inc. is entitled to an apportionment of fault against co-defendant, GOODYEAR, in proportion to the relative degrees of fault or wrongdoing among the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR, or any other similar applicable law.

NINETIETH:   By reason of the foregoing, Greyhound Lines, Inc. is entitled to contribution and/or partial indemnity from the co-defendant, GOODYEAR, in accordance with the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR, or any other similar applicable law.

## AS AND FOR A THIRD CROSS-CLAIM
## AGAINST CO-DEFENDANT
## THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

(CONTRACTUAL INDEMNIFICATION)

NINETY-FIRST:  Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation above set forth in paragraphs "FIRST" through "NINETIETH" as though fully set forth at length herein.

NINETY-SECOND:  That pursuant to the Agreement made by and between Greyhound

383156.1

15

Lines, Inc., on the one part, and co-defendant, GOODYEAR, on the other part, co-defendant, GOODYEAR undertook to indemnify, fully or partially, Greyhound Lines, Inc. for loss, claims and/or damage arising out of or in connection with the aforesaid Agreement. Greyhound Lines, Inc. begs leave to refer to the Agreement for complete its terms and conditions.

NINETY-THIRD: By reason of all of the above and the Agreement, Greyhound Lines, Inc. is entitled to either complete indemnification or partial indemnity by contract from co-defendant, GOODYEAR for any verdict, judgment or settlement reached in this action against Greyhound Lines, Inc., together with costs, expenses, disbursements and attorneys' fees.

## AS AND FOR A FOURTH CROSS-CLAIM AGAINST CO-DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY ("GOODYEAR")

### (PROPERTY DAMAGE/ECONOMIC LOSS)

NINETY-FOURTH: Defendant, Greyhound Lines, Inc., repeats and realleges each and every allegation above set forth in paragraphs "FIRST" through "NINETY-THIRD" as though fully set forth at length herein.

NINETY-FIFTH: Before the subject accident, the subject bus was leased by Greyhound Lines, Inc. from the Bank of Oklahoma, N.A. pursuant to a Master Lease Agreement dated February 16, 2000 (hereinafter referred to as "the Master Lease"). Greyhound Lines, Inc. begs leave to refer to the Master Lease at the time of trial.

NINETY-SIXTH: The Master Lease was in effect at the time of the subject accident.

NINETY-SEVENTH: After the subject accident, and pursuant to the terms of the Master Lease, Greyhound Lines, Inc. replaced the subject bus with another bus of the same type and manufacturer that was owned by Greyhound Lines, Inc. (hereinafter referred to as "the replacement bus").

NINETY-EIGHTH: Pursuant to the terms of the Master Lease, Greyhound Lines, Inc.

transferred title of the replacement bus to the Bank of Oklahoma, N.A.

NINETY-NINTH:  After and since the subject accident, and due to the subject accident, Greyhound Lines has paid and/or will continue to pay no-fault benefits.

ONE HUNDREDTH:  As a result of all of the foregoing, Greyhound Lines, Inc. has been damaged and continues to be damaged, and has sustained loss including but not limited to property damage, economic loss, business interruption, loss of revenue and loss of income.

ONE HUNDRED-FIRST:  Greyhound, Lines, Inc.'s damages and losses as described above are due to, among other things, GOODYEAR's: wrongful conduct; acts; omissions; negligence, carelessness and/or recklessness (including but not limited to negligence, carelessness and/or recklessness in the design, construction, assembly, fabrication, manufacturer, service, maintenance and/or repair of the G409 tires, including the left front tire); breach of the Agreement; breach of contract; breach of warranties (including but not limited to those in the Agreement and those created by operation of law); and/or strict products liability.

ONE HUNDRED-SECOND:  The amount in controversy pertaining to the damages and losses suffered by Greyhound Lines, Inc. exceeds $75,000 exclusive of interest.

ONE HUNDRED-THIRD:  Greyhound Lines, Inc. has been damaged and continues to be damaged by GOODYEAR's conduct and is entitled to damages in an amount in excess of $75,000.  Greyhound Lines, Inc. is entitled to recover all of the damages and losses described above from Goodyear.  Greyhound Lines, Inc. is also entitled to interest since the date of the subject accident.

WHEREFORE, defendant, GREYHOUND LINES, INC., demands:

1.     Judgment dismissing the Amended Complaint;

2.     In the event that the Amended Complaint is not dismissed, then full or partial indemnity with respect to the first and third cross-claims;

383156.1

3. In the event that full indemnity is not granted, then contribution pursuant to the second cross-claim in accordance with degrees of wrongdoing;

4. Judgment against GOODYEAR on the fourth cross-claim in a sum in excess of $75,000 plus interest; and

5. Together with the costs, disbursements, expenses and fees of this action.

Dated:    New York, New York
April 24, 2008

Yours, etc.,

FABIANI COHEN & HALL, LLP

Kevin B. Pollak (KBP 6098)
Attorneys for Defendant
GREYHOUND LINES, INC.
570 Lexington Avenue, 4th Floor
New York, New York 10022
(212) 644-4420

TO:    LAW OFFICE OF EDWARD P. RYAN
Attorneys for Plaintiffs
MAMADOU SAIDOU BAH and GNALEN BAH
38 Eagle Street
Albany, New York 12207
(518) 465-2488

HERRICK, FEINSTEIN, LLP
Attorneys for Defendant
THE GOODYEAR TIRE & RUBBER COMPANY
2 Park Avenue
New York, New York 10016
(212) 592-1400

383156.1

18

Bah, et al. v. Greyhound Lines, Inc. and The Goodyear Tire & Rubber Company
08 CIV 2440 (PKL)
Our File No. 818.34464

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **ANSWER TO AMENDED COMPLAINT AND CROSSCLAIMS** was served CM/ECF and First-Class Mail, postage prepaid, this 24th day of April, 2008, to:

> **LAW OFFICE OF EDWARD P. RYAN**
> **Attorneys for Plaintiffs**
> **MAMADOU SAIDOU BAH and GNALEN BAH**
> **38 Eagle Street**
> **Albany, New York 12207**
> **(518) 465-2488**
>
>
> **HERRICK, FEINSTEIN, LLP**
> **Attorneys for Defendant**
> **THE GOODYEAR TIRE & RUBBER COMPANY**
> **2 Park Avenue**
> **New York, New York 10016**
> **(212) 592-1400**

Kevin B. Pollak (6098)

Sworn to before me this
24th day of April, 2008.

NOTARY PUBLIC

APRIL D SMITH LITTLE
Notary Public, State of New York
No. 01SM6085371
Qualified in Bronx County
Commission Expires 6 / 01 / 20_11_

384564.1

------------------------------------------------------------------X

MAMADOU SAIDOU BAH and GNALEN BAH,

                      **Plaintiffs,**                 08 CIV. 2440 (PKL)

    v.                                          **[Related to
06 CIV 13371 (PKL)]**

GREYHOUND LINES, INC., and THE GOODYEAR
TIRE & RUBBER COMPANY,                **JURY TRIAL
DEMANDED**

                     **Defendants.**
------------------------------------------------------------------X
GREYHOUND LINES, INC.,

                     **Third-Party Plaintiff,**

    v.

MOTOR COACH INDUSTRIES, INC. and UGL
UNICCO, Formerly Known as UNICCO Service
Company,

                  **Third-Party Defendants.**

---

## THIRD-PARTY COMPLAINT

---

**FABIANI COHEN & HALL, LLP**
**Attorneys for Defendant/Third-Party Plaintiff**
**GREYHOUND LINES, INC.**
**570 Lexington Avenue, 4th Floor**
**New York, New York 10022**
**(212) 644-4420**

To:  Attorney(s) for:
Sir(s):

       PLEASE TAKE NOTICE that a                 of which the within is a (true) (certified)
copy

       [ ]NOTICE OF ENTRY *was duly entered in the within named court on*       2008

       [ ]NOTICE OF SETTLEMENT *will be presented for settlement to the Hon.*
       *one of the judges of the within named court at the Courthouse at on*  ,   2008 at     o'clock

Dated:

                       Yours, etc.,
             FABIANI COHEN & HALL, LLP
          Attorneys for Defendant/Third-Party Plaintiff
             570 Lexington Avenue, 4th Floor
              New York, New York 10022
                (212) 644-4420

To:

Attorney(s) for: