Alan D. Kaplan, Esq.
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Email: akaplan@herrick.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MAMADOU SAIDOU BAH and GNALEN BAH,

        Plaintiffs,

v.

GREYHOUND LINES, INC., and THE
GOODYEAR RUBBER and TIRE COMPANY,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ELECTRONICALLY FILED

08 CIV 2440 (PKL)
[Related to 06 CIV 13371 (PKL)]

Jury Trial Demanded

**GOODYEAR'S ANSWER TO AMENDED COMPLAINT AND CROSS-CLAIMS**

      The Goodyear Tire & Rubber Company s/h/a The Goodyear Rubber and Tire Company, ("Goodyear"), by its attorneys, Herrick, Feinstein LLP, hereby answers the Amended Complaint of plaintiffs Mamadou Saidou Bah and Gnalen Bah ("Plaintiffs") as follows:

### PARTIES

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint and refers all questions of law to the Court at the time of trial.

4. Admits that Goodyear is a corporation organized and existing under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio, but notes that its correct name is The Goodyear Tire & Rubber Company, and otherwise denies the allegations and refers all questions of law to the Court at the time of trial.

## JURISDICTION AND VENUE

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint and refers all questions of law to the Court at the time of trial.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint and refers all questions of law to the Court at the time of trial.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint and refers all questions of law to the Court at the time of trial.

## BACKGROUND

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9. Denies each and every allegation contained in paragraph 9 of the Amended Complaint, except admits that certain tire casings were leased by Goodyear to Greyhound Lines, Inc. ("Greyhound") pursuant to an agreement. Goodyear refers the Court to said agreement for its terms and conditions.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint.

14. Denies each and every allegation as to Goodyear and otherwise denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 14 of the Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint except admits that a Goodyear tire may have been damaged, altered or changed during use.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Amended Complaint as they pertain to Goodyear and/or Goodyear tires.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

**FIRST CAUSE OF ACTION**
**(NEGLIGENCE AGAINST GREYHOUND)**

25. Repeats and reiterates each and every one of the admissions and denials made in response to paragraphs "1" through "24" of the Amended Complaint with the same force and effect as if set forth herein at length.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint.

## SECOND CAUSE OF ACTION
## (NEGLIGENCE AGAINST GOODYEAR)

33. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "32" of the Amended Complaint with the same force and effect as if set forth herein at length.

34. Denies each and every allegation contained in paragraph 34 of the Amended Complaint except admits that an agreement existed between Goodyear and Greyhound to which the Court is referred for its terms and conditions.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint and refers all questions of law to the Court at the time of trial.

36. Denies each and every allegation contained in paragraph 36 of the Amended Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Amended Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Amended Complaint.

41. Denies each and every allegation contained in paragraph 41 of the Amended Complaint.

## THIRD CAUSE OF ACTION
### (BREACH OF WARRANTIES AGAINST GREYHOUND)

42. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "41" of the Amended Complaint with the same force and effect as if set forth herein at length.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint.

## FOURTH CAUSE OF ACTION
### (BREACH OF WARRANTIES AGAINST GOODYEAR)

46. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "45" of the Amended Complaint with the same force and effect as if set forth herein at length.

47. Denies each and every allegation contained in paragraph 47 of the Amended Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Amended Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Amended Complaint.

## FIFTH CAUSE OF ACTION
## (STRICT PRODUCT LIABILITY AGAINST GOODYEAR)

50. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "49" of the Amended Complaint with the same force and effect as if set forth herein at length.

51. Denies each and every allegation contained in paragraph 51 of the Amended Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Amended Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Amended Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Amended Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Amended Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Amended Complaint.

## SIXTH CAUSE OF ACTION
## (LOSS OF CONSORTIUM)

57. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "56" of the Amended Complaint with the same force and effect as if set forth herein at length.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint and refers all questions of law to the Court at the time of trial.

59. Denies each and every allegation as they may relate to Goodyear contained in paragraph 59 of the Amended Complaint.

60. Neither admits nor denies the demand in paragraph 60 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

61. The injuries and damages allegedly sustained by Plaintiffs were caused solely by their own culpable and negligent conduct and were not caused nor contributed to by reason of any negligence or other omission or act on the part of Goodyear.

### SECOND AFFIRMATIVE DEFENSE

62. All or part of the damages allegedly sustained by Plaintiffs were caused by their culpable conduct through their own contributory negligence and careless acts or omissions and their damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to them.

### THIRD AFFIRMATIVE DEFENSE

63. Plaintiffs assumed the risk of the injuries allegedly sustained.

## FOURTH AFFIRMATIVE DEFENSE

64. The Amended Complaint fails to state claims upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

65. The injuries or damages allegedly sustained by the Plaintiffs were caused by misuse of the products or materials identified in the Amended Complaint or by use in a manner not intended or not in accord with instructions and labels.

## SIXTH AFFIRMATIVE DEFENSE

66. The products or materials identified in the Amended Complaint were substantially modified, changed and/or altered by third persons over whom Goodyear exercised no control.

## SEVENTH AFFIRMATIVE DEFENSE

67. Goodyear alleges that the incident and damages, if any, complained of were caused solely by the separate, independent and/or negligent actions and/or inactions of third persons over whom Goodyear exercised no control and/or with whom Goodyear had no relationship.

## EIGHTH AFFIRMATIVE DEFENSE

68. Goodyear alleges that if any of the products involved were designed, manufactured, produced and/or sold by Goodyear, then such products were of merchantable quality and reasonably fit, suitable and safe for their intended and reasonably foreseeable purposes.

## NINTH AFFIRMATIVE DEFENSE

69. Goodyear alleges that if any warranty, guarantee or other representation with respect to any of the products or materials involved in this case was made by Goodyear, then each such warranty, guarantee or representation was fully satisfied.

## TENTH AFFIRMATIVE DEFENSE

70. Goodyear alleges that if any of the products in question were manufactured, designed, produced and/or sold by Goodyear, such products were produced in accordance with industry standards, were state of the art and were sold in compliance with the specifications of the purchase orders.

## ELEVENTH AFFIRMATIVE DEFENSE

71. Goodyear denies any acts or omissions on its part proximately caused the incident or injuries of which Plaintiffs complain.

## TWELFTH AFFIRMATIVE DEFENSE

72. Defendant Goodyear claims credit for all collateral sources from which Plaintiffs have, or shall receive benefits pursuant to CPLR Section 4545.

## THIRTEENTH AFFIRMATIVE DEFENSE

73. Some or all of the claims against defendant Goodyear are barred by reason of lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

74. The incidents and damages, if any, of which Plaintiffs complain were proximately caused by the fault of third persons not parties to this lawsuit. Inasmuch as the liability of Goodyear and the right, if any, of Plaintiffs to recover in this litigation can only be determined after the percentages of fault of all parties to the incident are determined, whether or not they are parties to this litigation, Goodyear seeks an adjudication of the percentage of fault of each and every person whose fault contributed to this incident.

## FIFTEENTH AFFIRMATIVE DEFENSE

75. Some or all of the claims set forth in the Amended Complaint are barred by the applicable statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

76. Plaintiffs are barred from recovery against Goodyear because any alleged damages were caused by intervening and superseding causes unforeseeable and unrelated to Goodyear.

## SEVENTEENTH AFFIRMATIVE DEFENSE

77. Plaintiffs' injuries, if any, were caused by preexisting or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

78. Plaintiffs have failed to minimize or mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

79. All limitations of liability made available pursuant to Article 16 of the Civil Practice Law and Rules, apply to Goodyear.

## TWENTIETH AFFIRMATIVE DEFENSE

80. Neither Plaintiff has suffered a serious injury within the meaning of Insurance Law §5102.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

81. The injuries or damages which Plaintiffs allegedly sustained were caused and/or aggravated by the failure to utilize an available seatbelt, body harness or other safety device or such devices were not available through the fault of third parties and damages should be reduced accordingly.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

82. The injuries or damages which the Plaintiffs allegedly sustained were caused by the failure of persons not within Goodyear's control to obey applicable traffic regulations or otherwise operate the bus in a safe or reasonable manner.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

83. Goodyear reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST GREYHOUND

84. If Plaintiffs were caused to suffer damages as a result of the incidents alleged in the Amended Complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of Goodyear but rather were due, in whole or in part to the negligence, carelessness, strict liability, breach of contract, or breach of warranty of Greyhound and their directors, officers, agents and employees.

85. If Goodyear is held liable for any of the damages claimed by Plaintiffs, then Goodyear is entitled to contribution and/or indemnification, in whole or in part, from Greyhound of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between Greyhound and Goodyear, as well as costs and attorneys fees.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST GREYHOUND

86. Goodyear repeats and reiterates each and every one of the foregoing admissions and denials made in response to paragraphs "1" through "85" of the Amended Complaint with the same force and effect as if set forth herein at length.

87. By agreement dated October 30, 2000 (the "Agreement", which is referenced in Greyhound's Cross-Claims in its Answer to the Amended Complaint), Greyhound agreed in paragraph 9 thereof, to defend, save and hold Goodyear harmless from all claims or actions for

damages to property or injury to persons arising out of the use of Goodyear's tires, pursuant to the Agreement. Further, paragraph 11 of the Agreement outlines certain obligations undertaken by Greyhound regarding the tires and the maintenance and service thereof.

88. The Agreement obligated Greyhound to defend, save and hold Goodyear harmless in this action, as the subject incident and resulting claims alleged in the Amended Complaint arise, in part, out of the alleged negligent acts or omissions of Greyhound pursuant to the performance of its obligations under the Agreement.

89. Demand for Greyhound to save and hold harmless Goodyear has been made by Goodyear and not honored by Greyhound.

90. Greyhound has breached the Agreement with Goodyear and continues to breach the Agreement with Goodyear.

91. Accordingly, Goodyear has been damaged in an amount to be determined at trial.

WHEREFORE, Goodyear demands Judgment dismissing the Amended Complaint, together with costs, disbursements and attorney's fees, herein, granting its cross-claims and granting such other and further relief which this Court deems appropriate.

Dated:  New York, New York
        May 12, 2008

                                        HERRICK, FEINSTEIN, LLP

                                        By: ___/s/_____
                                            Alan D. Kaplan
                                            akaplan@herrick.com
                                        Attorneys for Defendant
                                        *THE GOODYEAR TIRE & RUBBER
                                        COMPANY, s/h/a THE GOODYEAR
                                        RUBBER and TIRE COMPANY*
                                        2 Park Avenue
                                        New York, NY 10016
                                        Tel: 212-592-1400
                                        Fax: 212-592-1500

To:    Edward P. Ryan, Esq.
LAW OFFICES OF EDWARD P. RYAN
Attorneys for the Plaintiffs
38 Eagle Street
Albany, NY 12207

Kevin B. Pollak, Esq.
FABIANI COHEN & HALL, LLP
Attorneys for Greyhound Lines, Inc. and
Laidlaw International, Inc.
570 Lexington Avenue, 4th Floor
New York, New York 10022

NOVACK BURNBAUM CRYSTAL LLP
Attorneys for Third-Party Defendant,
Motor Coach Industries, Inc.
300 East 42nd Street
New York, New York 10017

KREINDLER & KREINDLER LLP
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Fl.
New York, NY 10017
Phone: (212) 687-8181

TAUB & MARDER, ESQS
Kenneth Marder
450 7th Avenue, 37'" Fl.
New York, NY 10123
Phone: (212) 967-1122

RICH & RICH, PC
Jeffrey M. Rich
30 Vesey Street
New York, NY 10007
Phone: (212) 406-0440

GOLDBERG. SEGALLA LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, NY 10601-1717
Phone: (914) 798-5400

Lisa Marie Robinson
5789 Widewaters Parkway
Syracuse, NY 13214
Phone: (315) 413-5400

RUBENSTEIN & RYNECKI
Robert Petitt
16 Court Street
Brooklyn, NY 11241
Phone: (718) 522-1020

NORMAN LISS ATTORNEYS-AT-LAW, P.C.
Norman Liss
200 West 57th Street
New York, NY 10019
Phone: (212) 586-6165

THE LIETZ LAW FIRM PLLC
David K. Lietz (*admitted pro hac vice*)
DC Bar No. 430557
888 166 Street, NW, Suite 800
Washington, DC 20006
Phone: (202) 349-9869

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030
Phone: (703) 352-4800

and

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
Attorneys for Second Third-Party Defendant
Unicco Service Company d/b/a UGL Unicco,
Formerly Known as Unicco Service Company
845 Third Avenue
New York, NY 10022
Phone: (212) 319-1000