Alan D. Kaplan, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
Tel: 212-592-1400
Fax: 212-592-1500
Email: akaplan@herrick.com

Attorney for Defendant
The Goodyear Tire & Rubber Company

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------x<br>MAMADOU SAIDOU BAH and GNALEN BAH,<br><br>     Plaintiffs,<br>    v.<br><br>GREYHOUND LINES, INC., and THE<br>GOODYEAR TIRE & RUBBER COMPANY,<br><br>     Defendants.<br><br>------------------------------------------------------x<br>GREYHOUND LINES, INC.,<br><br>     Third-Party Plaintiff,<br>    v.<br><br>MOTOR COACH INDUSTRIES, INC.,<br>UGL UNICCO, Formerly Known As<br>UNICCO Service Company and THE<br>GOODYEAR TIRE & RUBBER COMPANY,<br><br>     Third-Party Defendants.<br>------------------------------------------------------x | ELECTRONICALLY FILED<br><br><br>08 CIV 2440 (PKL)<br>[Related to 06 CIV 13371 (PKL)]<br><br>Jury Trial Demanded<br><br>**GOODYEAR'S ANSWER TO<br>CROSS-CLAIMS OF UNICCO AND<br>GOODYEAR'S CROSS-CLAIMS<br>AGAINST UNICCO** |

   The Goodyear Tire & Rubber Company ("Goodyear"), by its attorneys, Herrick, Feinstein LLP, answers the Cross-Claims of Third-Party Co-Defendant UGL UNICCO ("UNICCO") and submits its cross-claims against UNICCO (incorporating herein all prior pleadings and defenses) as follows:

## AS TO THE CROSS-CLAIM

1. In reference to the paragraph of UNICCO's Answer to the Third-Party Complaint designated "EIGHTH", Goodyear denies each and every allegation contained therein directed at Goodyear.

2. In reference to the paragraph of UNICCO's Answer to the Third-Party Complaint designated "NINTH", Goodyear denies each and every allegation contained therein directed at Goodyear.

## AS AND FOR A FIRST
## CROSS-CLAIM AGAINST UNICCO

3. If plaintiffs and their decedents were caused to suffer damages as a result of the incidents alleged in the Complaint and Third-Party Complaint, such damages were not due to any negligence, strict liability, breach of contract or fault on the part of Goodyear but rather were due, in whole or in part to the negligence, carelessness, strict liability, breach of contract, or breach of warranty of UNICCO and their directors, officers, agents and employees.

4. If Goodyear is held liable for any of the damages claimed by the plaintiffs, then Goodyear is entitled to contribution and/or indemnification, in whole or in part, from UNICCO, of any judgment obtained or a part of any judgment obtained on the basis of an apportionment of responsibility between them and Goodyear, as well as costs and attorneys fees.

## AS AND FOR A SECOND
## CROSS-CLAIM AGAINST UNICCO

5. On or about August 30, 1995 Goodyear entered into an Agreement (the "Agreement") with Ogden Cisco, Inc. ("Ogden"), (a copy of which is annexed as an exhibit to prior pleadings and is referred to in the Third-Party Complaint).

6. On or about September 11, 1996, Ogden assigned the Agreement and all obligations thereunder to UNICCO as per an Assignment agreement of that date (the

"Assignment" agreement was also annexed as an exhibit to prior pleadings and is referred to in the Third-Party Complaint).

7. UNICCO, formerly known as UNICCO Service Company, changed its name from UNICCO Service Company to UGL UNICCO on or about November 19, 2007.

8. The above-mentioned Agreement dated August 30, 1995 and the Assignment thereof to UNICCO were in full force and effect and binding upon UNICCO on August 28, 2006, and up to the present. During this period of time UNICCO provided services to Goodyear and Greyhound based on the terms of the Agreement.

9. Paragraph 5 of the Agreement defines and delineates the Indemnification obligations owed by UNICCO to Goodyear. Paragraph 5 requires UNICCO to "fully indemnify and hold harmless" Goodyear, its directors, officers, employees and agents, "from any and all claims, demands, losses and expenses of whatsoever nature, character or description that any person or entity has or may have arising out of or relating to the breach of or failure to perform the contract services....or resulting from any negligent act, omission, misconduct or fault of Contractor (UNICCO), their employees and/or agents".

10. Paragraph 4 of the Agreement refers to insurance coverage which UNICCO is required to provide to Goodyear, "with respect to indemnity provisions of this Agreement" (i.e. UNICCO's indemnity obligations to Goodyear pursuant to paragraph 5). Goodyear is to be named as an additional insured in an insurance policy which must be a "primary" policy (the indemnification obligation of UNICCO is not restricted to the limits of the insurance coverage).

11. Goodyear has previously made demand upon UNICCO that it fully indemnify and hold harmless Goodyear for all liability claims, demands, losses, and expenses arising out of UNICCO's services required under the Agreement as they relate to various claims made

regarding the subject Greyhound bus accident and which form the basis of the actions pending in this Court. UNICCO has failed and/or refused to indemnify Goodyear and has not provided or procured appropriate coverage pursuant to paragraph 4 of the Agreement, even though a defense and indemnification under such coverage has been demanded by Goodyear.

12.     As a result, UNICCO has breached and continues to breach the Agreement with Goodyear and Goodyear has been damaged as a result thereof.

**WHEREFORE**, Defendant Goodyear demands Judgment dismissing all cross-claims against it, granting its cross-claims and for such other relief deemed appropriate by the Court.

Dated: New York, New York
       May 16, 2008

                                        HERRICK, FEINSTEIN, LLP


                                        By:  /s/ Alan D. Kaplan
                                             Alan D. Kaplan
                                             akaplan@herrick.com
                                        Attorney for Defendant
                                        *THE GOODYEAR TIRE & RUBBER
                                        COMPANY, s/h/a THE GOODYEAR
                                        RUBBER and TIRE COMPANY*
                                        2 Park Avenue
                                        New York, NY 10016
                                        Tel: 212-592-1400
                                        Fax: 212-592-1500


To:    Edward P. Ryan, Esq.
       LAW OFFICES OF EDWARD P. RYAN
       Attorneys for the Plaintiffs
       38 Eagle Street
       Albany, NY 12207

       Kevin B. Pollak, Esq.
       FABIANI COHEN & HALL, LLP
       Attorneys for Greyhound Lines, Inc. and
       Laidlaw International, Inc.

570 Lexington Avenue, 4th Floor
New York, New York 10022

NOVACK BURNBAUM CRYSTAL LLP
Attorneys for Third-Party Defendant,
Motor Coach Industries, Inc.
300 East 42nd Street
New York, New York 10017

KREINDLER & KREINDLER LLP
James P. Kreindler
Megan Benett
100 Park Avenue, 18th Fl.
New York, NY 10017
Phone: (212) 687-8181

TAUB & MARDER, ESQS
Kenneth Marder
450 7th Avenue, 37`" Fl.
New York, NY 10123
Phone: (212) 967-1122

RICH & RICH, PC
Jeffrey M. Rich
30 Vesey Street
New York, NY 10007
Phone: (212) 406-0440

GOLDBERG. SEGALLA LLP
William Gordon Kelly
170 Hamilton Avenue, Suite 203
White Plains, NY 10601-1717
Phone: (914) 798-5400

Lisa Marie Robinson
5789 Widewaters Parkway
Syracuse, NY 13214
Phone: (315) 413-5400

RUBENSTEIN & RYNECKI
Robert Petitt
16 Court Street
Brooklyn, NY 11241
Phone: (718) 522-1020

NORMAN LISS ATTORNEYS-AT-LAW, P.C.

Norman Liss
200 West 57th Street
New York, NY 10019
Phone: (212) 586-6165

THE LIETZ LAW FIRM PLLC
David K. Lietz (*admitted pro hac vice*)
DC Bar No. 430557
888 166 Street, NW, Suite 800
Washington, DC 20006
Phone: (202) 349-9869

VALAD AND VECCHIONE, PLLC
John J. Vecchione
3863 Plaza Drive
Fairfax, VA 22030
Phone: (703) 352-4800

and

QUIRK AND BAKALOR, P.C.
Scott P. Taylor
Attorneys for Second Third-Party Defendant
UNICCO Service Company d/b/a UGL UNICCO,
Formerly Known as UNICCO Service Company
845 Third Avenue
New York, NY 10022
Phone: (212) 319-1000